Citation Nr: 1448571 
Decision Date: 10/31/14 Archive Date: 11/05/14

DOCKET NO. 11-07 718 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs (VA) Regional Office (RO) 
in Louisville, Kentucky



THE ISSUE

Entitlement to service connection for a back disorder



REPRESENTATION

Veteran represented by: Kentucky Department of Veterans Affairs



ATTORNEY FOR THE BOARD

R. R. Watkins, Associate Counsel




INTRODUCTION

The Veteran served on active duty from September 1968 to September 1970. 

This matter initially came before the Board of Veterans' Appeals (Board) on appeal from a September 2009 rating decision by the RO. 

In July 2013 and April 2014, the Board remanded the case to the Agency of Original Jurisdiction (AOJ) for additional development. 

This appeal was processed using the Veterans Benefits Management System (VBMS) paperless claims processing system. There is also a paperless, electronic record in the Virtual VA system. 

The issues of service connection for diabetes mellitus, peripheral neuropathy, ischemic heart disease, hypertension and gastroesphageal reflux disease have been raised by the record, but have not been adjudicated by the AOJ. Therefore, the Board does not have jurisdiction and refers them to the AOJ for appropriate action. 38 C.F.R. § 19.9(b) (2014). 

The appeal is being remanded to the AOJ. VA will notify the Veteran if further action is required on his part.


REMAND

The June 2014 VA opinion was not fully responsive to the April 2014 remand directives. Having found a prior VA opinion inadequate in part because it failed to discuss the Veteran's lay statements, the April 2014 Board remand instructed the examiner to "address the Veteran's competent lay statements regarding the in-service event and observable symptoms of his back disorders." 

However, the June 2014 VA examiner's rationale incorrectly noted that there were no lay statements in the record. 

An addendum opinion is therefore needed to address the Veteran's lay statements. See Stegall v. West, 11 Vet. App. 268, 271 (1998).

Accordingly, the case is REMANDED for the following actions:

1, The AOJ should refer the case to the VA examiner who prepared the June 2014 opinion, or another suitable examiner, if that individual is not available. The claims folder must be made available to the examiner. The examiner should then provide an addendum opinion, responding to the following questions with detailed and complete rationales.

Is it at least as likely as not (50 percent or greater probability) that any current back disability (spondylosis, degenerative disc disease, arthropathy in the lower cervical spine, hemangioma, bulging discs, chronic lumbar strain, myofascial pain syndrome, or thoracic facet arthropathy) had its clinical onset during service or otherwise is the result of an injury or other event or incident of that period of active service? In reaching an opinion, the examiner is advised that the Veteran is competent to report what he observed in service. The examiner should address the Veteran's lay statement dated in October 2010. 

2. After completing all indicated development, the AOJ should readjudicate the claim remaining on appeal in light of all the evidence of record. If any benefit sought on appeal remains denied, a fully responsive Supplemental Statement of the Case should be furnished to the Veteran and his representative, and they should be afforded a reasonable opportunity for response.

Thereafter, if indicated, the case should be returned to the Board for purpose of appellate disposition. 

The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2014).



_________________________________________________
STEPHEN L. WILKINS
Veterans Law Judge 
Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).